# ALSTON & BIRD LLP

90 Park Avenue
New York, NY 10016

212-210-9400
Fax: 212-922-3931
www.alston.com

Karl Geercken      Direct Dial: 212-210-9471      Email: karl.geercken@alston.com

November 17, 2015

VIA ECF
Hon. Loretta A. Preska
Chief United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street, Room 2220
New York, NY 10007-1312

    Re:    *In re Application of Natalia Potanina*, Nos. 14-mc-31 and 14-mc-57 (S.D.N.Y., consolidated March 14, 2014) (Part I)

Dear Chief Judge Preska:

    As counsel for Petitioner Natalia Potanina in the above-referenced proceedings, I write pursuant to Rule 2 of Your Honor's Individual Practices to briefly respond to Respondent Aliev's November 16, 2015 letter. For the reasons below as well as those set forth in her opening letter [Dkt. 176], Petitioner respectfully requests a pre-motion conference to address the outstanding discovery disputes.

    The overarching theme of Aliev's letter—that Aliev is entitled to elect not to comply with the outstanding subpoena for his deposition because he feels that "Petitioner already has all of the information Aliev can give as it relates to Altpoint, Interros, and Potanin"—defies both the history of this proceeding and the controlling case law. *See*, *e.g.*, *Sony Corp. v. S.W.I. Trading, Inc.*, 104 F.R.D. 535, 542 (S.D.N.Y. 1985) (stating that the fundamental principle is that a subpoena cannot be ignored and if a party is not going to comply with a subpoena, the remedy is to move to quash). That Aliev partially prevailed (upon reconsideration, twelve months after the Court ordered him to produce documents) on the narrow issue of whether the Court would require him to produce Interros documents in Russia does not relieve him of his obligation to comply with Petitioner's deposition subpoena. And, even in his own retelling, Aliev admits that he has not provided testimony on two of the three topics Petitioner highlighted in her letter.

    Moreover, with regard to this third topic, Aliev's general testimony at his April 9, 2015 limited deposition regarding, as he phrases it, the "Role of Potanin and Interros in Altpoint," does not cover the subject at issue: the role of Potanin and his company Interros in evaluating and approving Altpoint investment objectives and strategy. The transcript excerpts that Aliev attaches to his letter make clear that all that Aliev testified to was Potanin's title and general role *at Interros*, the general hierarchy at Interros, that Interros was an investor at Altpoint, and Aliev's personal interactions with Potanin. *See*, *e.g.*, Transcript of Aliev ("Aliev Tr.") 34:6-16, 41:25-42:6, 103:19-22, attached to Respondent's Letter Response in Opposition of Pre-Motion Conference [Dkt. 180].

Hon. Loretta A. Preska
November 17, 2015
Page 2

      Separately, Aliev's claim that Altpoint changed its position regarding the designation of Altpoint's corporate representative due to the personal time and effort that Aliev expended in this litigation is disingenuous. As his own counsel represented, Aliev is the most knowledgeable person with regard to the noticed deposition topics served on Altpoint and the fact that he spent time and effort to comply with certain orders and discovery requests in this matter does not change that fact. Instead, Altpoint and Aliev's strategic decision to withdraw Aliev as its designated corporate representative is part of a pattern of delay and obstruction.

      Altpoint and Aliev did not purport to revoke Aliev's designation as Altpoint's corporate representative until July 27, 2015, just four days after Petitioner made a representation to the Court that a final judgment should be entered as to Aliev in his individual capacity based on Alpoint and Aliev's outstanding representation that Petitioner would be deposing Aliev as Altpoint's corporate representative. Petitioner conferred with Altpoint and Aliev and when it became clear that Altpoint intended to proceed with Pertuz rather than Aliev as its corporate representative, Petitioner wrote the Court to withdraw this request. *See* Letter dated August 5, 2015 [Dkt.172]; *see also* Memo Endorsement dated August 7, 2015 [Dkt. 175].

      The true nature of Altpoint and Aliev's approach is best encapsulated in Altpoint's response to Petitioner's objection to the purported revocation of Aliev as Altpoint's corporate representative. In a letter dated August 2, 2015, Altpoint's counsel stated that it had ***never*** made a representation that Aliev would be designated as its corporate representative and suggested that it was Petitioner who was mistaken:

> [Petitioner] allege[d] that [Altpoint's Counsel] has made 'express representations' from which [Petitioner] 'understood that Guerman Aliev would serve as the corporate representative of Altpoint.' This allegation is inaccurate. We have made no such representation about the identity of the 30(b)(6) designee. We invite [Petitioner] to inform us what 'express representations' [Petitioner's] letter refers to.

*See* Letter dated August 2, 2015 [Exhibit J]. The record is clear that this was simply not the case. *See* Letter dated November 25, 2014 [Dkt. 176, Exhibit E].

                                                  Respectfully submitted,

                                                   Karl Geercken

Attachment

cc:   Counsel of Record (Via ECF)