# EXHIBIT J



Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
+1 212 909 6000

August 2, 2015

**VIA EMAIL**

Karl Geercken, Esq.
Alston & Bird LLP
90 Park Avenue
New York, New York 10016
karl.geercken@alston.com

*In re* **Potanina, Nos. 14-MC-31 and 14-MC-57 (S.D.N.Y. filed Feb. 3, 2014, consolidated Mar. 13, 2014)**

Dear Karl:

We were surprised to receive your latest letter on Friday evening, July 31, 2015, in which it appears that Petitioner is attempting to designate Altpoint Capital Partners, LLC's 30(b)(6) representative witness for the upcoming 30(b)(6) deposition. As Petitioner is not permitted to make Altpoint's designation, we write to inquire whether you will proceed with the deposition of the corporate representative Altpoint has designated.

As you are aware, a company has the right to designate a representative of its choosing to serve as its 30(b)(6) witness. *See* Fed. R. Civ. P. 30(b)(6) ("The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf . . . ."). The individual noticing the deposition is not entitled to make that designation for a corporate deponent or to otherwise to compel a company to produce a specific individual as its representative. *See M.P.D. Accessories, B.V. v. Urban Outfitters, Inc.*, No. 12 Civ. 6501(LTS)(KNF), 2013 WL 4399199, at *12 (S.D.N.Y. Aug. 13, 2013) (refusing to compel a company to produce a specific individual as its corporate representative and noting "defendants do not point to any binding authority permitting the court to compel a corporation deponent to designate a specific person to be its Rule 30(b)(6) witness, and the Court finds none").

In your letter, you allege that Debevoise has made "express representations" from which you "understood that Guerman Aliev would serve as the corporate representative of Altpoint." This allegation is inaccurate. We have made no such representation about the identity of the 30(b)(6) designee. We invite you to inform us what "express representations" your letter refers to.

Moreover, Petitioner can have no serious objection to Altpoint's designation. By its very nature, a 30(b)(6) deposition seeks not individual

Karl Geercken, Esq.                 2                 August 2, 2015

knowledge, but knowledge possessed by the company.  Brett Pertuz is unquestionably a suitable company representative for this deposition.  He is a Managing Director of Altpoint Capital Partners, LLC.  He is knowledgeable about Altpoint's business, and he has taken time to prepare himself to address questions regarding each of the 13 topics Petitioner has identified.  Additionally, he is someone Petitioner has herself previously identified when she served notice of an individual deposition on him as well as on Mr. Aliev.

      We do not accept your letter's contention that Altpoint's designation of Mr. Pertuz is somehow inappropriate because you undertook "extensive preparations" for the 30(b)(6) deposition believing that Mr. Aliev would serve as the representative.  Petitioner identified the topics for this deposition over sixteen months ago in its subpoena dated February 2014, and Petitioner has had a substantial majority of Altpoint's document production for over 9 months.  Petitioner has therefore had ample time to formulate any questions it has for the company related to those topics, and the individual providing the information on the company's behalf has no bearing on the substance of company knowledge.  If, in any event, you need additional time to prepare, we are amenable to discussing a short adjournment.

      Moreover, taking this 30(b)(6) deposition will not deprive Petitioner of whatever right she may have to take further evidence from Mr. Aliev in his individual capacity.  Petitioner has already noticed Mr. Aliev's individual deposition and has, of course, already taken extensive evidence of Mr. Aliev about matters personal to him.  It remains to be seen whether there is any legitimate basis for taking further evidence from Mr. Aliev in his personal capacity or from any of the other individuals on whom Petitioner has served deposition notices.  Nonetheless, it would be prudent to revisit this topic after the 30(b)(6) deposition has been taken.

      Accordingly, we confirm that Mr. Pertuz will be available to serve as Altpoint's 30(b)(6) representative on the agreed-upon date of August 5, 2015.  If for any reason you are not prepared to go forward with the deposition as agreed, please let us know how you wish to proceed.

                                                 Very truly yours,

                                                 /s/ Mark W. Friedman

                                                 Mark W. Friedman

cc:     Amber Wessels-Yen, Esq.
           Alexander Lorenzo, Esq.
           Matthew Decker, Esq.
           Michael A. Cardozo, Esq.

Karl Geercken, Esq. 3 August 2, 2015

      Margaret A. Dale, Esq.