# ALSTON&BIRD LLP

90 Park Avenue
New York, NY 10016

212-210-9400
Fax: 212-922-3931
www.alston.com

Karl Geercken          Direct Dial: 212-210-9471          Email: karl.geercken@alston.com

November 18, 2015

VIA ECF
Hon. Loretta A. Preska
Chief United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street, Room 2220
New York, NY 10007-1312

      Re:   *In re Application of Natalia Potanina*, Nos. 14-mc-31 and 14-mc-57 (S.D.N.Y., consolidated March 14, 2014) (Part I)

Dear Chief Judge Preska:

    As counsel for Petitioner Natalia Potanina in the above-referenced proceedings, I write pursuant to Rule 2 of Your Honor's Individual Practices to briefly respond to Respondent Altpoint Capital Partner LLC's ("Altpoint") November 17, 2015 letter. For the reasons below as well as those set forth in her opening letter [Dkt. 176] and reply letter to Aliev [Dkt. 185], Petitioner respectfully requests a pre-motion conference to address the outstanding discovery disputes.

    As is set forth in the record in this case, Petitioner Natalia Potanina brought her discovery petition to seek information related to the assets of Vladimir Potanin, her ex-husband, who is a billionaire and one of the richest men in the world. [Dkt. 30, p. 2]. After thirty years of marriage, Potanin notified Potanina that he was divorcing her and that she would never be able to prove that he has any assets. [*Id.*]

    Altpoint is Potanin's captive private equity fund, and he uses it to keep a significant portion of his wealth in the United States. Petitioner requested discovery from Altpoint and several of its employees to show Potanin's ties to Altpoint in order to assist her in identifying it as one of Potanin's assets. Debevoise & Plimpton (which represents Potanin's interests in Russia) appeared on behalf of Altpoint and several other Potanin-affiliated respondents in multiple other U.S. judicial districts, and moved to quash this discovery. [*Id.*, p. 5] After the other respondents failed to quash any of this discovery in other districts, however, Altpoint agreed to most of Petitioner's discovery requests, leaving only the issue of Aliev's Interros documents open. [Dkt. 71].

    Now Altpoint is attempting to stifle discovery once again, in an effort to keep Mrs. Potanina from collecting evidence that Altpoint is a marital asset. Instead of putting forth the employee who had the most information related to Potanin's control of Altpoint, Altpoint strategically decided to put forward a corporate representative who did not possess this information, and further failed to prepare him with the information necessary to answer basic questions regarding the

Hon. Loretta A. Preska
November 18, 2015
Page 2

noticed topics, including ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  As Petitioner indicated in her opening letter, the Topics are directly relevant to multiple of the 30(b)(6) deposition topics noticed in Petitioner's subpoena to Altpoint. *See* Petitioner's Request for Pre-Motion Letter dated November 12, 2015 [Dkt. 176, Page 3].

For example, Pertuz was wholly unprepared to answer simple questions about ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Altpoint must provide Mr. Aliev, whom they have already conceded actually possesses this knowledge and is the natural choice to answer these questions. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Additionally, Altpoint's refusal to produce any additional documents is without merit. Pertuz referred to a number of documents that have not been produced by Altpoint. It is proper for a court to order a party to produce documents identified in the course of a 30(b)(6) deposition. *See e.g., Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, No. 94 Civ. 1942, 1995 WL 758767 (S.D.N.Y. Dec. 21, 1995). Petitioner called for the production of certain documents during Pertuz's deposition and sent a letter to Altpoint requesting those documents or the Bates numbers related to those documents on October 23, 2015. *See* Petitioner's Request for Pre-Motion Letter dated November 12, 2015 [Dkt. 176, Exhibit A]. However, Altpoint refused to produce any additional documents or even to provide the Bates numbers of any already-produced documents referenced in the deposition in yet another attempt to delay discovery in this matter. *See* Petitioner's Request for Pre-Motion Letter dated November 12, 2015 [Dkt. 176, Exhibit B].

Respectfully submitted,

Karl Geercken

---

[1] These questions were not, and could have not been, posed to Aliev at his limited deposition because they were outside the narrow scope of whether Aliev had control of certain Interros documents.