UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re the Application of NATALIA POTANINA

For an Order to Take Discovery Pursuant to 28 U.S.C. § 1782(a)

No. 1:14-mc-31 (LAP)
No. 1:14-mc-57 (LAP)

## MEMORANDUM OF LAW IN SUPPORT OF PETITIONER NATALIA POTANINA'S MOTION FOR A SEALING ORDER

Petitioner Natalia Potanina ("Petitioner"), by and through her undersigned counsel, respectfully submits this Memorandum of Law, together with the accompanying Declaration of Alxander S. Lorenzo, for an Order permitting Petitioner to file under seal an unredacted version of her November 18, 2015 Pre-Motion Conference Reply Letter with Exhibits (the "November 18, 2015 Reply Letter"), filed in redacted form contemporaneously with this motion.

### FACTUAL BACKGROUND

The relevant factual background for this motion is set forth in the accompanying Declaration of Alexander S. Lorenzo in Support of Petitioner's Motion for a Sealing Order.

Petitioner and seven respondents in this proceeding, Altpoint Capital Partners LLC ("Altpoint"), Guerman Aliev, Derek Pease, Brett A. Pertuz, Anish Sheth, Eric Chan and Prabhkirat (Yuki) Narula (the "S.D.N.Y. Respondents"), executed a Protective and Confidentiality Order on or about June 20, 2014, which was submitted to the Court for entry as an order. On June 27, 2014, the Court entered the Protective and Confidentiality Order (the "Protective Order"). (Dkt. No. 70.)

The Protective Order provides for the designation of Documents or Testimony (as defined therein) as "Confidential" and defined limited circumstances in which Confidential

Information may be used. (Dkt. No. 70 ¶¶ 5-9.) "Confidential Information" includes "that information which Respondents in good faith consider to contain or reflect non-public trade secrets, proprietary business information, competitively sensitive information, and/or other confidential information, or other information, including without limitation information pertaining to third parties, the disclosure of which would, in the good faith judgment of Respondents, be detrimental to the interests of or the conduct of Respondents' business or the business of any of Respondents' customers or clients." (Dkt. No. 70 ¶ 3.)

The Protective Order also provides a mechanism by which Petitioner may seek the de-designation of Documents or Testimony as Confidential if she does not concur with Respondents' designation of certain Documents or Testimony as Confidential. (Dkt. No. 70 ¶ 4.) The Protective Order provides that Documents or Testimony designated as Confidential shall continue to be deemed Confidential Information unless and until the Court rules otherwise. (Dkt. No. 70 ¶ 4.)

Petitioner and Respondents Altpoint and Aliev are presently engaged in a dispute concerning the designation of a 30(b)(6) corporate representative for Altpoint and the deposition of Aliev in his individual capacity. Petitioner's November 18, 2015 Reply Letter, filed in redacted form contemporaneously with this motion, makes reference to and includes exhibits that make reference to specific testimony from a deposition transcript designated as Confidential under the Protective Order. Confidential material which is referenced directly in November 18, 2015 Reply Letter is taken directly from the Deposition Transcript of Altpoint by Brett A. Pertuz on October 16, 2015, which Altpoint has designated as Confidential. Excerpts from this Transcript are included as the exhibits to the November 18, 2015 Reply Letter.

Although Petitioner reserves her right to move the Court for a de-designation of the Confidential Material in the future, Petitioner does concede that the Confidential Material is currently designated as Confidential under the Protective Order and, therefore, the information contained in the Confidential Material may be filed with the Court only if such information is filed under seal. (Dkt. No. 70 ¶¶ 5(d), 9.)

## ARGUMENT

The unredacted version of Petitioner's November 18, 2015 Reply Letter should be sealed because it contains a discussion of information from and excerpts of the Confidential Material currently designated as Confidential pursuant to the Protective Order entered by the Court. To the extent the Confidential Material may be said to contain non-public trade secrets, proprietary business information, competitively sensitive information, and/or other confidential information, or other information, including without limitation information pertaining to third parties, the disclosure of which, in the good faith judgment of respondents Altpoint and Aliev, would be detrimental to the interests of or the conduct of the respondents' business or the business of any of respondents' customers or clients, courts in this Circuit have recognized the confidentiality of such information. *See Brookdale Univ. Hosp. and Med. Center, Inc. v. Health Ins. Plan of Greater New York*, No. 07-cv-1471 (RRM) (LB), 2008 WL 4541014, at * 2 (E.D.N.Y. Oct. 7, 2008) (upholding confidentiality designations of certain documents including "business documents" and "commercial information").

Although the public "has a qualified common law right of access to judicial documents," countervailing factors, including the privacy interest of the party resisting disclosure, can be sufficient to overcome the right of access. *See In re September 11 Litig.*, 723 F. Supp. 2d 526, 530 (S.D.N.Y. 2010) (Hellerstein, J.) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d

3

110, 119-20 (2d Cir. 2006)); *see also United States v. King*, No. 10 Cr. 122 (JGK), 2012 WL 2196674, at *1-2 (S.D.N.Y. June 5, 2012). In this instance, any presumption of access is outweighed by countervailing factors, including the privacy interests of respondents, whose information appears in the Confidential Material and the harm that could result from public disclosure of confidential information about respondents. *See Matter of New York Times Co.*, 828 F.2d 110, 114-16 (2d Cir. 1987) (privacy concerns of non-parties weigh heavily in deciding whether to seal documents); *In re Methyl Tertiary Butyl Ether (MTBE) Products Liability Litig.*, No. 1:00-1898, 2013 WL 3531600, at *5 (S.D.N.Y. July 12, 2013) (holding that party's interest in confidentiality regarding its business plan and confidential commercial information justifies maintaining portions of documents under seal); *Citigroup, Inc. v. Abu Dhabi Investment Auth.*, No. 13 Civ. 6073 (PKC), 2013 WL 6171315, at *6 (S.D.N.Y. Nov. 25, 2013) (granting motion to maintain the sealed status of exhibits containing proprietary information that would harm the company if disclosed). Here, there is good cause to permit the Petitioner to file her November 18, 2015 Reply Letter under seal.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court enter an Order permitting Petitioner to file her November 18, 2015 Reply Letter under seal, and grant such other and further relief as the Court may deem proper.

Dated:   New York, New York
         November 18, 2015

                                                      ALSTON & BIRD LLP

                                             /s/ Alexander S. Lorenzo
                                            Karl Geercken
                                            Amber Wessels-Yen
                                            Alexander S. Lorenzo
                                            90 Park Avenue
                                            New York, NY 10016
                                            Tel: (212) 210-9400
                                            Fax: (212) 210-9444
                                            karl.geercken@alston.com
                                            amber.wessels-yen@alston.com
                                            alexander.lorenzo@alston.com
                                            *Attorneys for Applicant Natalia Potanina*